# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL G. WOLFF, | * | |
| Appellant | * | |
| v. | * | Civil Case No. JFM-16-4035 |
| | * | |
| GARRETT KATZ, et al., | * | |
| Appellees. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On December 19, 2016, Appellant Michael G. Wolff ("the Trustee") petitioned this Court to review a ruling from the United States Bankruptcy Court for the District of Maryland dismissing his complaint against Appellees Garrett Katz, Gabrielle Katz, and Gregory Katz ("Appellees"). [ECF No. 1]. The Trustee's appeal is fully briefed and ripe for disposition. [ECF Nos. 6, 7, 8, 11]. No hearing is necessary. *See* Local R. 105.6 (D. Md. 2016). For the reasons set forth below, the judgment of the Bankruptcy Court will be AFFIRMED.

### I. BACKGROUND

On January 8, 2014, the Doug Monsein Family Trust, the Sheldon Monsein Living Trust, and Sol Oidick (the "Petitioning Creditors") filed a Chapter 7 involuntary petition against Debtor Geary B. Katz (the "Debtor"). [ECF No. 6, Ex. 2, p. 141]. On January 23, 2014, on the Debtor's motion, the Bankruptcy Court entered an order converting the Chapter 7 case to a Chapter 11 case ("the 11 Conversion Order"). *Id.* at p. 148. On February 21, 2014, the Bankruptcy Court issued a Notice of Chapter 11 Bankruptcy Case, which stated that a Chapter 11 bankruptcy case "has been filed...and an order for relief has been entered." *Id.* at p. 156.

1

However, on April 14, 2014, the Bankruptcy Court entered a consent order reconverting the Debtor's Chapter 11 case to a case under Chapter 7 ("the 7 Reconversion Order"). *Id.* at p. 157. On April 16, 2014, Michael G. Wolff (the "Trustee") was appointed to the Chapter 7 case as a trustee. *Id.* at p. 120. On June 30, 2014, the Trustee filed a line requesting the entry of an order for relief. *Id.* at p. 161. On July 8, 2014, the Bankruptcy Court entered an order for relief *nunc pro tunc* (the "*nunc pro tunc* order").[1] *Id.* at p. 163. On June 30, 2016, less than two years after the *nunc pro tunc* order, the Trustee filed a Complaint for Avoidance and Recovery of Fraudulent Conveyances against Appellees, the Debtor's children. *Id.* at pp. 10-19. Specifically, the Trustee alleged that the Debtor made fraudulent transfers to Appellees for their benefit in violation of 11 U.S.C. § 548.[2] *Id.* On November 8, 2016, Appellees filed a Motion to Dismiss the Trustee's complaint. *Id.* at pp. 28-39. On December 7, 2016, the Bankruptcy Court determined that the Trustee's complaint against Appellees was untimely under the statute of limitations set forth in 11 U.S.C. § 546(a)(1), and dismissed the Trustee's case. *Id.* at pp. 55-56.

## II. STANDARD OF REVIEW

A district court reviews a bankruptcy court's "findings of fact for clear error and questions of law *de novo.*" *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006). An abuse-of-discretion standard applies in reviewing the application of law to the facts. *See Matusda Capital, Inc. v. Netfax Dev., LLC (In re Netfax, Inc.)*, 335 B.R. 85, 91 (D. Md.

---

[1] *Nunc pro tunc*, which literally means "now for then," *Maksymchuk v. Frank*, 987 F.2d 1072, 1075 n. 2 (4th Cir. 1993) (quoting 67 C.J.S. at 1 (1978)), is "a procedure whereby a determination previously made, but for some reason improperly entered or expressed, may be corrected and entered as of the original time when it should have been, or when there has been an omission to enter it at all." *Glynne v. Wilmed Healthcare*, 699 F.3d 380, 383 (4th Cir. 2012) (internal quotations and citations omitted). A *nunc pro tunc* order may not, however, "be used to retroactively record an event that never occurred or have the record reflect a fact that never existed." *Ex parte Buskirk*, 72 F. 14, 20-21 (4th Cir. 1896).

[2] Section 548(a)(1)(A) provides that a trustee may avoid any transfer made "with actual intent to hinder, delay, or defraud" a creditor. 11 U.S.C. § 548(a)(1)(A). Section 550, the accompanying liability provision, provides that "to the extent that a transfer is avoided under [Section 548]…the trustee may recover, for the benefit of the estate, the property transferred[.]" § 550(a).

2

2005). A district court may find an abuse of discretion "'where the [bankruptcy court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" *Id.* at 92 (quoting *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 470 (3d Cir. 1998)); *see also Quillen v. Guttman*, Civil No. RDB 09-1986, 2010 WL 1416122, at *2 (D. Md. Apr. 5, 2010).

### III. DISCUSSION

The Trustee argues that the Bankruptcy Court erred by dismissing his complaint as untimely under 11 U.S.C. § 546(a)(1). Specifically, he claims that the *nunc pro tunc* order, entered on July 8, 2014, constitutes the appropriate order for relief for purposes of Section 546(a), and that, therefore, his complaint less than two years later was timely. [ECF Nos. 6, 7, 11]. In opposition, Appellees contend that the 11 Conversion Order, entered on January 23, 2014, constitutes the order for relief for purposes of Section 546(a), and that, therefore, the Trustee's complaint was untimely. [ECF No. 8]. The Bankruptcy Court agreed with Appellees. For the reasons discussed below, the judgment of the Bankruptcy Court will be affirmed.

"[S]tatutory interpretation necessarily begins with an analysis of the language of the statute." *In re Maxway Corp.*, 27 F.3d 980, 982-83 (4th Cir. 1994) (citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). If the language is plain and "the statutory scheme is coherent and consistent," there is no need to inquire further. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1029-30, 103 L.Ed.2d 290 (1989). "[T]he sole function of the courts is to enforce [the statute] according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). Therefore, courts should venture beyond the plain meaning of the statute only in those rare instances (1) in which there is a clearly expressed legislative intent to the contrary, *Russello v.*

3

*United States*, 464 U.S. 16, 20, 104 S.Ct. 296, 298-99, 78 L.Ed.2d 17 (1983), (2) in which a literal application of the statute would thwart its obvious purpose, *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982), or (3) in which a literal application of the statute would produce an absurd result, *United States v. American Trucking Ass'ns*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063-64, 84 L.Ed. 1345 (1940).

Section 546(a) of the Bankruptcy Code establishes the statute of limitations for avoidance actions brought under Section 548. 11 U.S.C. § 546(a); *see In re Mountaineer Bulk Servs., Inc.*, No. 3-10492, 2013 WL 620419, at *2 (Bankr. N.D.W.Va. Feb. 19, 2013). Section 546(a) provides, in relevant part, that an avoidance "action under [§ 548] may not be commenced after...2 years after the entry of the order for relief."[3] *Id.* In a voluntary bankruptcy case, the filing of the bankruptcy petition constitutes the order for relief. 11 U.S.C. § 301(b). In an involuntary case, the Court is required to enter an order for relief "under the chapter under which the petition was filed." § 303(h). If the petition is controverted, the Bankruptcy Court must enter an order for relief after a trial and "only if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or within 120 days before the date of the filing of the petition, a custodian...was appointed or took possession." *Id.* In addition, an order for relief is entered automatically by operation of law when a case is converted from "one chapter of [Title 11] to a case under another chapter of [Title 11]." § 348(a) (stating that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an

---

[3] In full, Section 546(a) provides that "[a]n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—(1) the later of—(A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed." 11 U.S.C. § 546(a). In this case, it is undisputed that the one-year period set forth in 11 U.S.C. § 546(a)(1)(B) expired on April 16, 2015, and that the case had not been closed or dismissed as required under § 546(a)(2). *See* [ECF Nos. 6, 7, 8]. Accordingly, the operative section of § 546(a) for purposes of this appeal is § 546(a)(1)(A).

4

order for relief under the chapter to which the case is converted[.]"). However, conversion under Section 348(a) "does not effect a change in the date of…the order for relief" unless specified in an enumerated exception under Sections 348(b) and (c). *Id.*

In this case, the Bankruptcy Court dismissed the Trustee's complaint because it was "barred by the two-year limitations period set forth in 11 U.S.C. § 546(a)." [ECF No. 6, Ex. 2, p. 56]. The Bankruptcy Court found that "the order converting the debtor's case to one under Chapter 11 entered on January 23, 2014 constituted an order for relief by operation of 11 U.S.C. § 348(a)." *Id.* at p. 55. However, the Trustee argues that the *nunc pro tunc* order constitutes the proper order for relief for purposes of Section 546(a). [ECF Nos. 6, 7, 11]. Specifically, the Trustee contends that a conversion order under Section 348(a) does not effect a change in the date of the order for relief; and that Sections 348(b) and (c), which provide the exceptions to Section 348(a), do not include Section 546(a).[4] [ECF No. 7, p. 20] ("If the 'order for relief' addressed in Section 348(a) does not effect a change in the date of the 'order for relief' it cannot, itself, be the 'order for relief' addressed in Sections 303 and 546(a)[.]"); [ECF No. 11, p. 5] ("The plain language of Section 348 states that the conversion does not effect a change in the date of the order for relief. The [*nunc pro tunc* order] being an Order for Relief that was entered by the Bankruptcy Court, by the plain language of Section 348(a), the conversion order cannot have changed that date.").

Contrary to the Trustee's argument, the conversion order constitutes the proper order for relief for purposes of Section 546(a)'s statute of limitations. Although the Trustee correctly

---

[4] The Trustee also contends that a Chapter 11 conversion order does not constitute an order for relief in the Debtor's reconverted Chapter 7 case. Specifically, the Trustee argues that Section 348(a) only "constitutes an order for relief under the chapter to which the case is converted." [ECF No. 7, p. 12] (citing § 348(a)). Ultimately, however, the Court need not reach the Trustee's argument. Even if the Trustee were correct that the 11 Conversion Order was not an order for relief in the subsequent Chapter 7 proceeding, the 7 Reconversion Order would constitute an order for relief and would bar the Trustee's action under Section 546(a), since it was entered more than two years after the Trustee's complaint was filed. *See F & M Marquette Nat. Bank v. Richards*, 780 F.2d 24, 25 (8th Cir. 1985) (holding that "the conversion of a bankruptcy case from chapter 11 to chapter 7 also constitutes an order for relief.").

5

notes that conversion of a case under Section 348(a) "does not effect a change in the date of…the order for relief," § 348(a); *see In re Borgus*, 544 B.R. 315, 322 (Bankr. E.D.N.C. 2016) (noting that the "general rule is that conversion does not reset the order for relief[.]"), "'the purpose of that provision is to preserve actions already taken in the case *before* conversion.'" *In re Campbell*, 313 B.R. 313, 320 (B.A.P. 10th Cir. 2004) (quoting *In re Bell*, 225 F.3d 203, 213 (2d Cir. 2000)) (emphasis added); *In re Smith*, 235 F.3d 472, 477 (9th Cir. 2000) (same); *see Kepler v. Independence Bank (Matter of Ford)*, 61 B.R. 913, 916 (Bankr. W.D. Wis. 1986) (noting that "[t]he express intent of Bankruptcy Rule 1019 which implements section 348 is to preserve any action taken in the case *prior to* conversion.") (emphasis added). Indeed, "[S]ection 348 is designed to avoid [] the *resetting* of deadlines and the *reopening* of limitations periods" by an order for relief entered pursuant to a conversion order. *In re Bell*, 225 F.3d at 213 (emphasis added).

Here, however, the *nunc pro tunc* order was entered after the 11 Conversion Order and the 7 Reconversion Order. *See* [ECF No. 6, Ex. 2, pp. 148, 163]. The Trustee presents no support for the proposition that an order for relief entered under Section 303(h) vitiates an earlier order for relief entered under Section 348(a). Indeed, such an interpretation would "torture the plain language of this section," *In re Borgus*, 544 B.R. 315, 322-23 (Bankr. E.D.N.C. 2016) (internal quotation and citation omitted), and undermine the legislative intent to preserve "continuity in conversion cases," *In re Bell*, 225 F.3d at 226, n. 12 (noting that "[t]he Advisory Committee note to the 1997 Amendment clarifies that § 348, as implemented by Rule 1019, intends continuity in conversion cases."); *In re Lybrook*, 951 F.2d 136, 137 (7th Cir. 1991) (noting that § 348(a) "assures the continuity of the case for purposes of filing fees, preferences, statutes of limitations[.]"). Rather, the case law indicates that the *initial* order for relief, whether

6

entered pursuant to Section 303(h) or Section 348(a), is not altered by a subsequent order for relief entered pursuant to conversion. *See, e.g., In re Quality Pontiac Buick GMC Truck, Inc.*, 222 B.R. 865, 868 (Bankr. D. Minn. 1998) (noting that § 348(a) "does not *restart*, anew and generally, the various periods for administrative action that governed the case at its inception, under its *original* order for relief.") (emphasis added); *In re Zisholtz*, 226 B.R. 824, 826, n. 1 (Bankr. E.D. Pa. 1998) (noting that the conversion of case did not change the date of "*initial* order for relief.") (emphasis added); *In re Integrated Agri, Inc.*, No. 01-84536, 2007 WL 647300, at *3 (Bankr. C.D. Ill. Feb. 26, 2007) (same). Accordingly, "the date of the entry of the Conversion Order is the date of the order for relief, where no prior order for relief was entered."[5] *In re Source Enterprises, Inc.*, No. 06-11707 AJG, 2006 WL 3253480, at *3 (Bankr. S.D.N.Y. Nov. 8, 2006).

Regardless, the Trustee argues that an order for relief entered under a conversion order does not alter the limitations period in Section 546(a) because it is not included among the exceptions to Section 348(a). *See* [ECF No. 11, p. 2-3]. Under Section 348(a), a "conversion [order] does not change the date of the order for relief 'except as provided in subsection (b) and (c).'" *In re Wray*, 258 B.R. 777, 781 (Bankr. D. Idaho 2001) (citing Section 348(a)); *In re Hudson*, 103 B.R. 781, 784 (Bankr. N.D. Miss. 1989) ("Subsections [348](b) and (c) provide a list of Code sections in which the date of conversion is treated as the date of the order for

---

[5] The Trustee also points to the absence of a decretal paragraph in the conversion order as evidence that it is not an order for relief under Section 348(a). [ECF No. 7, p. 5] ("The 11 Conversion Order did not state that an Order for Relief was being entered and the Court did not enter a separate Order for relief at the time that the 11 Conversion Order was entered."); *see* [ECF No. 7, p. 19] (arguing that "prior to July 8, 2014, there was never a piece of paper, whether hard copy or in electronic form, that appeared in the Court's docket in the Debtor's bankruptcy case that stated that the Bankruptcy Court was entering an 'order for relief' in the Debtor's case."). However, the conversion of a case pursuant to Section 348(a) constitutes an order for relief by operation of law. *In re Source Enterprises, Inc.*, No. 06-11707 AJG, 2006 WL 3253480, at *4 (Bankr. S.D.N.Y. Nov. 8, 2006) (noting that, "an order for relief was entered...by the entry of the Conversion Order pursuant to sections 706(a) and 348(a) of the Bankruptcy Code."). Accordingly, "[w]hile the Conversion Order did not contain an express decretal paragraph regarding the order for relief, the conversion of the case constituted an order for relief." *Id.* at *3. Moreover, the Notice of Chapter 11 Bankruptcy Case had stated that "an order for relief has been entered." [ECF No. 6, Ex. 2, p. 156].

7

relief[.]"). The Trustee contends that "[t]he clear implication of [Sections 348(b) and (c)] is that a conversion order IS NOT treated as the 'order for relief', [*sic*] except for the limited [exceptions] which are specifically referenced therein and which have no bearing on the limitations period established by Section 546(a)." [ECF No. 7, p. 13]. Instead, the Trustee argues that the "[t]he omission of [Section 546] from [those sections] conclusively establish[es] that a conversion order does not constitute the date for the 'order for relief' for the computation of the limitations period under Section 546." *Id.* at p. 23.

However, as noted above, a conversion order constitutes a controlling order for relief in a case where, as here, it precedes the entry of an order for relief under Section 303(h). As such, the exceptions listed in Sections 348(b) and (c) do not apply to the instant case. Indeed, courts recognize that Sections 348(b) and (c) are intended to apply to conversion orders entered after the entry of an initial order for relief. *In re State Airlines, Inc.*, 873 F.2d 264, 268 (11th Cir. 1989) (citing Sections 348(b) and (c) and stating that "Congress has identified certain instances where milestones should be moved *forward* to the date of the conversion.") (emphasis added); *id.* (holding that "[S]ection 348(c) provides that the notice provision of [several sections] are triggered by the conversion order just as they were *initially* triggered by the order for relief under the chapter in which the case was commenced.") (emphasis added); *id.* at 268-69 (holding that "Section 348(c) also directs that the conversion order triggers the provisions of section 365(d)...just as the *initial* order for relief had done.") (emphasis added). Consequently, I am unpersuaded that the absence of Section 546(a) from the exceptions noted in Sections 348(b) and (c) warrant a finding that the *nunc pro tunc* order constitutes the controlling date for limitations purposes under Section 546(a). Accordingly, the Trustee's complaint is untimely under the plain language of Section 546(a), and the judgment of the Bankruptcy Court is affirmed.

## IV. CONCLUSION

For the reasons stated above, the judgment of the Bankruptcy Court is AFFIRMED. The Clerk is directed to CLOSE this case.

Dated: June 1/2017

J. Frederick Motz
United States District Judge